UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANTHONY WEBSTER,

                                       Plaintiff,

    -against-

STARWOOD HOTELS & RESORTS WORLDWIDE, INC.,

                                       Defendant.
----------------------------------------------------------------X



## NOTICE OF REMOVAL

Defendant Starwood Hotels & Resorts Worldwide, Inc. removes this action from the Supreme Court of the State of New York, Bronx County to the United States District Court for the Southern District of New York.

1. The plaintiff commenced this action against Starwood Hotels & Resorts Worldwide, Inc. in the Supreme Court of the State of New York, Bronx County. A copy of the complaint is attached as **Exhibit A**; a copy of the answer is attached as **Exhibit B**.

2. The plaintiff is a citizen of the State of New York and was a citizen of the State of New York when this action was started in state court.

    a) Anthony Webster is (and was) a citizen of the State of New York.

3. The defendant is a citizen of states other than the State of New York and was a citizen of states other than the State of New York when this action was started in state court.

a) Starwood Hotels & Resorts Worldwide, Inc. is (and was) a corporation incorporated in the State of Maryland with its principal place of business in the State of Connecticut.

4. The plaintiff seeks damages in excess of $75,000 exclusive of interest and costs, which damages were first explicitly specified in a paper served May 8, 2015 and received on May 15, 2015.

5. The court has subject-matter jurisdiction over this action under section 1332(a)(1) of the Judicial Code, 28 U.S.C. § 1332(a)(1), because this action—both now and when it was started in state court—is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

6. The defendant may, under section 1441(a) of the Judicial Code, 28 U.S.C. § 1441(a), remove this action to this court because this is a civil action of which the district courts of the United States have original jurisdiction that is brought in state court.

7. All defendants join in the removal of this action to this court.

Dated: New York, New York
May 18, 2015

                                                      */s/ Charles D. Cole, Jr.*
Charles D. Cole, Jr
Newman Myers Kreines Gross Harris, P.C.
Attorneys for Defendant Starwood Hotels &
  Resorts Worldwide, Inc.
40 Wall Street
New York, New York 10005
(212) 619-4350
dcole@nmkgh.com

# Exhibit A

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------
ANTHONY WEBSTER,

                    Plaintiff,

        -against-                          VERIFIED COMPLAINT

STARWOOD HOTELS & RESORTS WORLDWIDE, INC.,

                    Defendant.
-------------------------------------
```

Plaintiff, complaining of the defendant by his attorney, DAVID HOROWITZ, P.C., upon information and belief, respectfully alleges:

FIRST: That defendant STARWOOD HOTELS & RESORTS WORLDWIDE, INC., was an foreign business corporation licensed to do business in the State of New York.

SECOND: That on August 3, 2014, defendant STARWOOD HOTELS & RESORTS WORLDWIDE, INC. owned the Westin Hotel located at 479 Washington Boulevard, Jersey City, New Jersey and the loading dock appurtenant thereto.

THIRD: That on August 3, 2014, defendant STARWOOD HOTELS & RESORTS WORLDWIDE, INC. operated the Westin Hotel located at 479 Washington Boulevard, Jersey City, New Jersey including the loading dock.

FOURTH: That on August 3, 2014, defendant STARWOOD HOTELS & RESORTS WORLDWIDE, INC., maintained the Westin Hotel located at 479 Washington Boulevard, Jersey City, New Jersey including the

loading dock.

FIFTH: That on August 3, 2014, defendant STARWOOD HOTELS & RESORTS WORLDWIDE, INC., supervised the Westin Hotel located at 479 Washington Boulevard, Jersey City, New Jersey including the loading dock.

SIXTH: That on August 3, 2014, defendant STARWOOD HOTELS & RESORTS WORLDWIDE, INC., controlled the Westin Hotel located at 479 Washington Boulevard, Jersey City, New Jersey including the loading dock.

SEVENTH: That on August 3, 2014, defendant STARWOOD HOTELS & RESORTS WORLDWIDE, INC. managed the Westin Hotel located at 479 Washington Boulevard, Jersey City, New Jersey including the loading dock.

EIGHTH: That on August 3, 2014, defendant STARWOOD HOTELS & RESORTS WORLDWIDE, INC., was the lessee of the Westin Hotel located at 479 Washington Boulevard, Jersey City, New Jersey including the loading dock.

NINTH: That on August 3, 2014, defendant STARWOOD HOTELS & RESORTS WORLDWIDE, INC., was responsible for the repair and condition of the Westin Hotel located at 479 Washington Boulevard, Jersey City, New Jersey including the loading dock and the appliances in the dock area, such as the bug zapper.

TENTH: That on and prior to August 3, 2014, Macy's Department Store, entered into an agreement with defendant STARWOOD HOTELS & RESORTS WORLDWIDE, INC., to have a show at the hotel at

the premises.

ELEVENTH: That on and prior to August 3, 2014, defendant STARWOOD HOTELS & RESORTS WORLDWIDE, INC., entered into an agreement with Diversified Transportation Company to transport the props for use in the show for Macy's at the premises.

TWELFTH: That on August 3, 2014, Diversified Transportation Company was engaged in transporting the props for use in the show for Macy's at the Westin Hotel.

THIRTEENTH: That on August 3, 2014, plaintiff ANTHONY WEBSTER was employed by Diversified Transportation Company.

FOURTEENTH: That on August 3, 2014, as plaintiff ANTHONY WEBSTER was performing his duties, he was caused to be seriously and severely injured when a bug zapper improperly affixed to the wall on the dock came loose and struck plaintiff.

FIFTEENTH: That as a result of the carelessness and negligence of the defendant, plaintiff was severely and seriously injured.

SIXTEENTH: That the defendant was negligent in the ownership, operation, maintenance, management and supervision and control of its premises and dock; in failing to properly affix the bug zapper; in failing to inspect the bug zapper to insure that it would not fall from the wall; in failing to place warning signs; in failing to give notice; in causing and creating a dangerous condition; in failing to make the work place safe; in setting a trap for plaintiff; in causing a hazard; in failing to give notice;

and in failing to avoid the occurrence although there was an opportunity to do so.

SEVENTEENTH: That by reason of the foregoing, the plaintiff, ANTHONY WEBSTER, sustained severe, serious, permanent, painful, internal and external injuries to his body; was rendered incapacitated and unable to attend to his usual duties; was required to seek medical aid and assistance, and upon information and belief, some of the aforesaid injuries are permanent.

EIGHTEENTH: That this case falls within one of the exceptions enumerated in CPLR 1602.

NINETEENTH: That by reason of the foregoing, plaintiff, ANTHONY WEBSTER, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

WHEREFORE, plaintiff demands judgment against the defendant in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction together with the costs and disbursements of this action.

DAVID HOROWITZ, P.C.
Attorney for Plaintiff

By: /s/ Gloria Drelich
GLORIA DRELICH
276 Fifth Avenue
New York, New York 10001
(212) 684-3630

-4-

## ATTORNEY VERIFICATION

State of New York         }
                          } SS:
County of New York        }

    I, **Gloria Drelich**, the undersigned, an attorney admitted to practice in the courts of the State of New York, state that I am the attorney of record for the plaintiff in the within action; I have read the foregoing

### SUMMONS AND VERIFIED COMPLAINT

in the within action and know the contents thereof; the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. The reason this verification is made by me and not by the plaintiff is because Plaintiff(s) is/are not presently in the county wherein the attorneys for the Plaintiff(s) maintain their offices.

    The grounds of my belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

Dated:      NEW YORK, NEW YORK
              January 2, 2015

                                                           **GLORIA DRELICH**

# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X
ANTHONY WEBSTER,

                               Plaintiffs,

     -against-                           Index No. 20177/2015E

STARWOOD HOTELS & RESORTS WORLDWIDE,
INC.,

                               Defendants.
------------------------------------------------------------------------X

## ANSWER

Defendant Starwood Hotels & Resorts Worldwide, Inc., by its attorneys, Newman Myers Kreines Gross Harris, P.C., answering the complaint, alleges, upon information and belief:

### FIRST CAUSE OF ACTION

1. Admits the allegations in paragraph 1.

2. Denies the allegations in paragraph 2.

3. Denies the allegations in paragraph 3.

4. Denies the allegations in paragraph 4.

5. Denies the allegations in paragraph 5.

6. Denies the allegations in paragraph 6.

7. Admits the allegations in paragraph 7.

8. Denies the allegations in paragraph 8.

9. Denies the allegations in paragraph 9, except admits that on August 3, 2014, defendant Starwood Hotels & Resorts Worldwide, Inc. was

responsible for the repair of Westin Hotel located at 479 Washington Boulevard, Jersey City, New Jersey including the loading dock and the bug zapper.

10. Denies the allegations in paragraph 10, except admits that on and prior to August 3, 2014, Macy's entered into an agreement to have a show at the hotel at the premises.

11. Denies the allegations in paragraph 11.

12. Admits the allegations in paragraph 12.

13. Denies knowledge and information sufficient to form a belief as to the truth of paragraph 13.

14. Denies the allegations in paragraph 14.

15. Denies the allegations in paragraph 15.

16. Denies the allegations in paragraph 16.

17. Denies the allegations in paragraph 17.

18. Denies the allegations in paragraph 18.

19. Denies knowledge and information sufficient to form a belief as to the truth of paragraph 19.

## DEFENSES

### FIRST DEFENSE

20. The plaintiff's claim is governed by the law of the State of New Jersey, where the event happened.

## SECOND AFFIRMATIVE DEFENSE

21. If the injuries and damages were sustained by Anthony Webster at the time and place in the manner alleged in the complaint, such damages and injuries are attributable, in whole or in part, to the negligence of Anthony Webster; and if any damages are recoverable against Starwood Hotels & Resorts Worldwide, Inc., the amount of such damages shall be reduced or eliminated in proportion to which the negligence attributable to Anthony Webster bears to the negligence that caused the damage as provided in N.J.S.A. § 2A:15—5.1.

## THIRD AFFIRMATIVE DEFENSE

22. In the event of any judgment or verdict on behalf of the plaintiff, Starwood Hotels & Resorts Worldwide, Inc. is entitled to a set-off of the verdict for the amounts of any payments made to the plaintiff for medical and other collateral expenses.

## FOURTH DEFENSE

23. The action should be dismissed under the doctrine of forum non conveniens because New York is an inconvenient forum; for the convenience of witnesses and parties and in the interests of justice, the action should have been commenced in the State of New Jersey, where the cause of action arose.

## FIFTH DEFENSE

24. The action should be dismissed for lack of personal jurisdiction over Starwood Hotels & Resorts Worldwide, Inc. because it is not at home in New York.

## CONCLUSION

Wherefore, Starwood Hotels & Resorts Worldwide, Inc. demands judgment against Anthony Webster dismissing the complaint together with interest, costs, and attorney's fees.

Dated: New York, New York
   February 23, 2015

                 _____
                 Charles D. Cole, Jr.
                 Newman Myers Kreines Gross Harris, P.C.
                 Attorneys for Defendant Starwood Hotels
                  & Resorts Worldwide, Inc.
                 40 Wall Street
                 New York, New York 10005-1335
                 (212) 619-4350
                 dcole@nmkgh.com

To:
Gloria Drelich, Esq.
David Horowitz, P.C.
Attorneys for Plaintiff Anthony Webster
276 Fifth Avenue
New York, New York 10001

## ATTORNEY VERIFICATION

Charles D. Cole, Jr., an attorney admitted to practice in the courts of the State of New York, affirms the following to be true under penalties of perjury:

I am an attorney with the firm of Newman Myers Kreines Gross Harris, P.C., attorneys for defendant Starwood Hotels & Resorts Worldwide, Inc. in this action; I have read the answer to the complaint and know its contents; it is true to my own knowledge, except as to the matters alleged on information and belief; and as to those matters I believe it to be true.

The reason this affirmation is made by me and not by the defendant is that the defendant is located outside the county in which my firm maintains its office.

Dated:  New York, New York
       February 23, 2015

_____
Charles D. Cole, Jr.